UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZARUMIN COLEMAN, | |
| Plaintiff, | |
| v. | CASE NO. 3:25-CV-633-HAB-ALT |
| CENTURION HEALTH CARE, FONSO, FABUGIAS, HOBBS, | |
| Defendants. | |

**OPINION AND ORDER**

Zarumin Coleman, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Coleman alleges that, on December 21, 2024, Nurse Fonso injected him with a syringe used by another inmate. He believes Nurse Fonso's negligence caused him to lose mobility in his legs and damaged his eyesight. Coleman believes that he should have been taken to an outside hospital for bloodwork and medical care following the error. He also alleges that nursing staff attempted to cover up the error by throwing away health care requests he submitted after the incident. It is unclear why he believes health care requests were thrown away or who he thinks thew them away, but he indicates that both Nurse Hobbs and R.N. Fabugias claimed they were unaware he suffered injuries resulting from the use of an unclean needle. He was seen by medical

staff at some point after the incident, because on January 15, 2025, he was issued a cane and walker. On March 13, 2025, he was issued a wheelchair. He has also been assigned a caretaker or wheelchair assistant.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence does not state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference).

Coleman cannot proceed against Nurse Fonso for her alleged error in injecting him with a used needle because he has not alleged that Nurse Fonso was anything more than negligent. He also cannot proceed against Nurse Fonso, R.N. Fabugias, or Nurse Hobbs for how they handled his loss of mobility and vision because he has not explained what they knew about his symptoms, when they knew it, or how they responded to his concerns. While Coleman has received some sort of care and assessment by being provided assistive devices, it is unclear if any of the named defendants assessed him following the incident, and—if they did—what care was provided. Not all injuries are compensable. Here, Coleman has not alleged facts which allow a plausible inference that Nurse Fonso, R.N. Fabugias, or Nurse Hobbs were deliberately indifferent to his serious medical needs.

Coleman has also named Centurion Health Care as a defendant, apparently because it employs the nurses who were allegedly negligent. A private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Coleman has not alleged facts which suggest Centurion Health Care had a policy that led to a violation of his constitutional rights. Thus, he may not proceed against Centurion Health Care.

The amended complaint is short on facts, dates, and specifics about Coleman's medical issues and the treatment he has received. Based on what it does say, it is not plausible to infer that he is receiving constitutionally inadequate medical care. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Coleman believes he can state a claim based on (and consistent with) the events described in this order, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Coleman until **February 13, 2026**, to file an amended complaint; and

4

(2) CAUTIONS Coleman that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 13, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT