UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZARUMIN COLEMAN,

      Plaintiff,

          v.                                   CAUSE NO. 3:25-CV-633-HAB-ALT

FONSO,

      Defendant.

<u>OPINION AND ORDER</u>

Zarumin Coleman, a prisoner without a lawyer, filed an amended complaint. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Coleman alleges that he is diabetic and nursing staff administer fifteen units of insulin to him twice each day. On December 21, 2024, he saw Nurse Fonso for an insulin injection. He knows Coleman is prescribed 15 units of insulin twice daily. Coleman saw that Nurse Fonso was preparing a needle that had been used by another inmate. Coleman told Nurse Fonso the needle was labeled for someone else and appeared used. Coleman told Nurse Fonso that his medication and needle looked different. He

implored Nurse Fonso to check the record before injecting him with a used needle and the wrong medication. Coleman alleges that Nurse Fonso knew he had just used this needle on another inmate, it did not contain the medication that was prescribed for Coleman, and injecting Coleman with this needle would put Coleman's health and safety in jeopardy. Coleman indicates he received thirty units of insulin instead of fifteen. Nurse Fonso did not report the use of the contaminated needle or that the wrong medication was used. Coleman asserts that he developed a tumor-like knot where Nurse Fonso injected him with the contaminated needle. He also claims he now suffers from painful spasms and severe burning in his legs severe enough to hinder his ability to walk.

Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

2

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-98. Put another way, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

At this stage of the case, the court must accept the allegations contained in Coleman's complaint as true. Coleman's complaint describes a flagrant disregard for Coleman's safety by Nurse Fonso. Accordingly, Coleman will be granted leave to proceed against Nurse Fonso for knowingly injecting him with a used needle containing another inmate's medication on December 21, 2024, causing serious injury, in violation of the Eighth Amendment.

For these reasons, the court:

(1) GRANTS Zarumin Coleman leave to proceed against Nurse Fonso in his individual capacity for compensatory and punitive damages for knowingly using a used needle to inject Coleman with the wrong medication on December 21, 2024, causing serious injury, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Fonso at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 18);

(4) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of the defendant of he does not waive service and if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Fonso to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 6, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4